# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Estefany J.S., | Civ. No. 26-216 (JWB/SGE) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | **ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |
| Respondents. | |

---

Kira Aakre Kelley, Esq., Climate Defense Project, counsel for Petitioner.

Ana H. Voss, Esq., and Justin Merak Page, Esq., United States Attorney's Office, counsel for Respondents.

---

This case asks whether Respondents may detain a noncitizen under 8 U.S.C. § 1225(b)(2) after previously releasing her from custody under 8 U.S.C. § 1226 and placing her in removal proceedings under 8 U.S.C. § 1229. The answer is no. Because Respondents previously exercised authority to release Petitioner Estefany J.S. under § 1226, that statute—not § 1225—governs detention while removal proceedings remain pending.

Respondents' position has been often rejected in this District. *See, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1142–48, 1150–52 (D. Minn. 2025); *Jose*

*J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 968–970 (D. Minn. 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *7–8 (D. Minn. Oct. 20, 2025). Therefore, the Petition is granted to the extent that it requests release.

## BACKGROUND

Petitioner is a native and citizen of Colombia. (*See* Doc. No. 1, Petition ¶¶ 7, 12.) United States Border Patrol encountered her near Tecate, California on January 2, 2024. (*Id.* ¶ 13; Doc. No. 15, Robinson Decl. ¶ 4.) She was issued a Notice to Appear designating her "an alien present in the United States who has not been admitted or paroled" and charging inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). (Robinson Decl. ¶ 4; Doc. No. 15-2 at 1.) The Notice placed Petitioner in removal proceedings pursuant to 8 U.S.C. § 1229a, which governs full removal proceedings before an Immigration Judge. (*See* Doc. No. 15-2 at 1.) Petitioner was then released from custody on her own recognizance. (Robinson Decl. ¶ 4; *see also* Doc. No. 15-1 at 3 (indicating that Petitioner was served with DHS Form I-220A).)

The standard Order of Release on Recognizance, Form I-220A, states that the noncitizen is being released "[i]n accordance with section 236 of the Immigration and Nationality Act," which corresponds with § 1226. Neither side submitted evidence showing that order was ever cancelled or revoked in Petitioner's case.

Petitioner applied for asylum in October 2024. (Petition ¶ 34; Robinson Decl. ¶ 5.) She has a work permit, has no criminal history, and has attended her required immigration court appearances. (Petition ¶¶ 14, 22, 35.)

On January 12, 2026, Immigration and Customs Enforcement officers

apprehended Petitioner as she and her husband were walking their youngest child to the bus. (Petition ¶ 15; Robinson Dec. ¶ 6.) Petitioner was initially detained in Minnesota. (Petition ¶ 20.)

The next day, Respondents transferred Petitioner to El Paso, Texas "for bed space decompression" despite a court order prohibiting her from being transferred out of the District of Minnesota. (Robinson Decl. ¶ 8; *see also* Doc. No. 8.) Respondents represent that they are in the process of returning Petitioner to Minnesota. (Robinson Decl. ¶ 9.)

## DISCUSSION

### I.    Legal Standard

A writ of habeas corpus may issue where a petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The petitioner bears the burden of establishing, by a preponderance of the evidence, that the challenged detention lacks a lawful statutory basis. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (collecting cases).

Immigration detention, like all civil detention, must rest on an express congressional grant of authority and must bear a reasonable relation to its statutory purpose. *Zadvydas v. Davis*, 533 U.S. 678, 687, 690 (2001) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). Section 2241 confers jurisdiction to determine whether the Executive Branch has statutory authority to detain an individual, including in the immigration context. *See id.* 687–88.

### II.    Analysis

Petitioner challenges only the lawfulness of her detention under federal law. She

does not contest any removal order, the conduct of removal proceedings, or the execution of removal. Therefore, jurisdiction lies under 28 U.S.C. § 2241 to review the legal basis for custody. *See, e.g.*, *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154–55 (D. Minn. 2025). Because the Petition is not directed at removal, statutory channeling provisions do not apply either. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018).

The Immigration and Nationality Act ("INA") distinguishes between inspection, removal proceedings, and detention authority. "Inspection" is the process by which immigration officers determine whether a noncitizen seeking entry at the border or a port of entry may be admitted to the United States. *See* 8 U.S.C. § 1225(a). Section 1225 governs that process and generally requires detention. *Id.*; *see also Maldonado*, 795 F. Supp. 3d at 1149.

Section 1226, by contrast, governs detention of noncitizens already present in the United States. *Jennings*, 138 S. Ct. at 846. Detention under § 1226(a) is not mandatory and permits release on bond or recognizance. *Maldonado*, 795 F. Supp. 3d at 1149–50.

Respondents assert that Petitioner is subject to § 1225(b)(2), which mandates detention of certain "applicants for admission" pending removal proceedings. The vast majority of district courts considering that assertion, including this Court, have determined that the text, structure, and function of the INA's detention provisions all indicate that § 1225 does not apply to noncitizens released to the interior of the country like Petitioner. *See Eliseo A.A. v. Olson*, Civ. No. 25-3381 (JWB/DJF), 2025 WL 2886729 (D. Minn. Oct. 8, 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819 (D. Minn. Oct. 20, 2025); *Khalid B.Q. v. Bondi*, Civ. No. 25-4584

(JWB/DJF), Doc. No. 10 (D. Minn. Dec. 18, 2025); *Xuseen A. v. Bondi*, Civ. No. 25-4514 (JWB/DJF), Doc. No. 16 (D. Minn. Dec. 19, 2025). Respondents' examples of recent orders agreeing with their statutory interpretation do not alter the outcome.

*Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), does not alter the result either. Respondents have previously cited to that ruling as if it reflects an independent adjudicatory resolution of statutory ambiguity. It does not. The Board of Immigration Appeals ("BIA") is a component of the Department of Justice ("DOJ") and operates under the Attorney General's supervisory authority. Its precedents are subject to review, revision, and overruling by the Attorney General, who sets binding interpretations of the INA for the Executive Branch. *Yajure Hurtado* thus reflects the DOJ's adopted litigation position concerning the scope of § 1225(b)(2), not an interpretation generated independently of that position. *See* Memorandum from Rodney S. Scott, U.S. Customs & Border Protection, Detention of Applicants for Admission (July 10, 2025) (DHS memo requiring that all "applicants for admission" be detained under § 1225(b)(2) during removal proceedings).

And even if *Yajure Hurtado* were such an independent interpretation, it would run headlong into the statute's text and structure for the reasons already explained. Where an agency's reading conflicts with the statute Congress enacted, it does not control. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024) (explaining that only long-standing and consistent agency interpretations merit weight); *see also Belsai D.S. v. Bondi*, Civ. No. 25-3682 (KMM/EMB), 2025 WL 2802947, at *7 n.5 (D. Minn. Oct. 1, 2025).

In habeas review, the question is not whether the Executive Branch has spoken with one voice—whether through the DOJ or BIA—but whether the detention authority it asserts is grounded in statute. That determination remains for the Article III courts. *See Zadvydas*, 533 U.S. at 688 ("[T]he habeas statute … does not require courts to defer to the Attorney General's interpretation of the statute. Rather, it requires the courts to determine whether the detention is lawful.").

The analysis here is straightforward. Respondents placed Petitioner in removal proceedings under § 1229a, released her from custody under § 1226, and allowed her to remain in the community for just over two years. Nothing in the record suggests Respondents ever revoked that release based on flight risk, danger, changed circumstances, or any other reason.

Section 1225(b)(2) provides no authority to revisit that custody determination later. The Supreme Court has consistently treated §§ 1225 and 1226 as addressing different populations at different procedural moments, not as interchangeable sources of detention authority. *Jennings*, 138 S. Ct. at 836–38. Nothing in § 1225 authorizes Respondents to revive mandatory detention just by recharacterizing a previously released noncitizen as an applicant for admission. *See, e.g.*, *Jose J.O.E.*, 797 F. Supp. 3d at 969–70. The statute contains no mechanism for that switch. Allowing Respondents to toggle between detention regimes in this way would collapse the statutory structure Congress enacted and render § 1226 largely superfluous.

On this record, Petitioner's continued detention rests on a statute and an interpretation that do not apply and is unlawful. *See Khalid B.Q.*, Civ. No. 25-4584, Doc.

6

No. 10 at 6; *Xuseen A.*, Civ. No. 25-4514, Doc. No. 16 at 7. Thus, she is entitled to a writ of habeas corpus that grants immediate release subject to the conditions in her original Order of Release on Recognizance. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (describing release as the "typical remedy" for "unlawful executive detention").

Respondents argue that if Petitioner has been misclassified under § 1225, the proper remedy is a bond hearing under § 1226 rather than release. But a bond hearing presupposes lawful detention authority under § 1226. Where that authority has not been invoked or established, ordering a bond hearing would treat the absence of statutory power as a mere procedural irregularity rather than a substantive defect. Habeas relief requires more because it addresses the lawfulness of custody itself, not the adequacy of procedures that might attend some other, uninvoked challenge to detention. *See Wajda v. United States*, 64 F.3d 385, 389 (8th Cir. 1995). For detention that lacks a lawful predicate, release is an available and appropriate remedy. *Munaf*, 553 U.S. at 693.

Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings. Because Petitioner has shown Respondents have not invoked a provision of the Immigration and Nationality Act that authorizes her continued detention, the petition for a writ of habeas corpus is granted, and Petitioner's other habeas claims are not reached.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case,

**IT IS HEREBY ORDERED** that:

1.    Petitioner Estefany J.S.'s Petition for a Writ of Habeas Corpus (Doc. No. 1)

is **GRANTED**.

2.      Respondents shall immediately release Petitioner from custody. She must be released in Minnesota and subject to the conditions of her January 2024 release.

3.      Respondents shall confirm the time, date, and location of Petitioner's release within 48 hours from the date of this Order.

4.      Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

5.      Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 15, 2026                    _s/ Jerry W. Blackwell_____
                                          JERRY W. BLACKWELL
                                          United States District Judge